# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA

BRENDA WALKER, individually and as
Personal Representative of the Estate of
HENRY LEE WALKER, deceased, for the
benefit of his survivors and the Estate,

            Plaintiff,                  Case No.: _____

vs.

CORIZON HEALTH, INC., a foreign limited liability company NURSES
JANE DOES and NURSES JOHN DOES 1-8, individually and as employees
of CORIZON HEALTH OF FLORIDA LLC., CHS FL, LLC d/b/a YESCARE,
CHS TX, INC. d/b/a YESCARE, WAYNE IVEY, in his official capacity as
Sheriff of Brevard County, Florida; MAJOR ROSS TORQUATO, in his
supervisor role as jail watch commander; and DEPUTIES JOHN and
DEPUTIES MARY DOES1-8, individually and as an employee or agent of the
Brevard County Sheriff's Office,

            Defendants.

_____/

## COMPLAINT[1]

    COMES NOW, the Plaintiff, BRENDA WALKER, as Personal
Representative of the Estate of HENRY LEE WALKER, deceased, by and
through her undersigned counsel and hereby sues Defendants, CORIZON

---

[1] Plaintiff reserves the right to add additional Defendant Parties and to bring additional claims against the
Defendant Parties and nothing contained herein shall be deemed a waiver of any rights or causes of action that the
Plaintiff may have against the Defendants and or any additional Defendant Parties and or additional claims which
may arise hereinafter through discovery and or any extended time.

HEALTH, INC., f/k/a CORIZON HEALTH, INC., and a/f/k/a PRISON HEALTH SERVICES, INC.;  NURSES JANE DOES and NURSES JOHN DOES 1-8[2],  individually and as employees of CORIZON HEALTH, INC.; CHS FL, LLC d/b/a YESCARE; CHS TX, INC. d/b/a YESCARE;  WAYNE IVEY, in his official capacity as Sheriff of Brevard County, Florida; MAJOR ROSS TORQUATO, in his supervisor role as jail watch commander; DEPUTIES JOHN DOES and DEPUTIES MARY DOES 1-8[3],  individually and as an employee or agent of the Brevard County Sheriff's Office; an states:

## **INTRODUCTORY STATEMENT**

1.  On September 27, 2020, Henry Walker ("Mr. Walker" or "WALKER") was found dead in his jail cell at Brevard County Jail.

2.  Mr. Walker was arrested by Brevard County Sheriff's Office officers on September 26. 2020. At the time of his arrest, Mr. Walker was obviously and substantially at risk of harming himself. As documented in the Mr. Walker's intake screening documents from prior arrests, Mr. Walker had at least one prior instance of suicidal ideation.

3.  Rather than evaluate Mr. Walker for potential suicide risk and/or place

---

[2] Defendant Nurses are listed as Jane and John Does as Plaintiff is not yet aware of their names and upon learning of their names, the Complaint will be amended to list their names.
[3] Defendant Deputies are listed as Jane and John Does as Plaintiff is not yet aware of their names and upon learning of their names, the Complaint will be amended to list their names.

Mr. Walker on suicide watch, he was placed in cell in general population with two other individuals.

4.  Mr. Walker committed suicide by hanging himself with a sheet in his cell.

5.  Mr. Walker was not properly monitored and did not receive even the most basic and necessary medical assessments and treatment.

6.  Consistent with established policies, practices and/or customs, Defendants failed to provide Mr. Walker with adequate and timely medical or psychiatric care and failed to take other measures to protect him from physical harm, in deliberate indifference to his health and safety.

## JURISDICTION AND VENUE

7.  This is a civil action seeking damages in excess of $30,000.00 USD, exclusive of costs, interest, and attorneys' fees.

8.  Plaintiff has fully complied with all condition's precedent prior to bringing this action; including, but not limited to, Section 768.28 and Chapter 766, Florida Statutes.   This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367, which are brought under §768.16, et seq., Fla. Stats. (Florida's Wrongful Death Act),

9.  The predominant counts in this action arise under the Constitution and laws

of the United States of America, and this Court has original jurisdiction over federal questions. 28 U.S.C. § 1331, 28 U.S.C. § 1343, 42 U.S.C. § 1983, and 42 U.S.C. § 1988.

10. Venue is proper in the Middle District of Florida, where this case is filed, given that Defendant, CORIZON HEALTH, INC., has substantial contacts, contractual obligations, individuals and employees work in Brevard County, Florida and Defendant, Corizon Health of Florida, LLC derives a substantial benefit therefrom, and all defendants are either residents, work and their acts or omissions occurred in Brevard County, Florida. 28 U.S.C. § 1391(b)(1).

## CONDITIONS PRECEDENT

11. Prior to the filing of this Complaint, all the above-named Defendants have been served notice of this claim pursuant to Florida Statute, Chapter 768.28, via Certified Mail, Return Receipt Requested.

12. Letters of Administration were issued by Brevard County Circuit Judge George Thomas Paulk II on May 17, 2021 under Case no.05-2020-CP-052041-XXXX-XX.

## PARTIES

13. The Plaintiff, BRENDA WALKER is the Personal Representative of the

Estate of HENRY LEE WALKER, deceased, ("WALKER"). She is a resident of Brevard County, Florida, sui juris, and for the sake of clarity will heretofore be referred to only as "PLAINTIFF."

14. At all times material hereto, HENRY LEE WALKER, deceased was an adult resident of Cocoa, Brevard County, Florida.

15. The Defendant, CORIZON HEALTH, INC. ("CORIZON"), is a Limited Liability Company with a principal address of 205 Powell Place, Suite 104, Brentwood, TN 37027. During all times material, CORIZON was contracted to provide health services to people detained and/or incarcerated within the correctional facility located at or near 860 Camp Road, Cocoa, Florida 32927 ("Brevard County Jail Complex").

16. The Defendant NURSES JANE DOES, and NURSES JOHN DOES 1-8, ("NURSES JANE and JOHN DOES 1-8) are individuals who are sui juris, were, at all times material, nurses employed by CORIZON and worked at the Brevard County Jail Complex. Based on information and belief, "NURSES JANE and JOHN DOES 1-8 are and were at all times material herein residents of Brevard County, Florida.

17. The Defendant, CHS FL, LLC d/b/a YESCARE, was at all times material was an agent, employee, contractor, delegee, and or under the supervision of and or control of CORIZON and or clothed by CORIZON with apparent authority

5

and directed by CORIZON in its acts and or omissions with respect to the inmates, pretrial detainees, including the deceased WALKER.  Any such acts or omissions by CHS FL, LLC d/b/a YESCARE whether direct or indirect, whether in person or through other means of communication occurred through CORIZON, its agents, employees at the Brevard County Jail Complex.

18.  The Defendant, CHS TX, INC. d/b/a YESCARE, was at all times material was an agent, employee, contractor, delegee, and or under the supervision of and or control of CORIZON and or clothed by CORIZON with apparent authority and directed by CORIZON in its acts and or omissions with respect to the inmates, pretrial detainees, including the deceased WALKER.  Any such acts or omissions by CHS TX, INC. d/b/a YESCARE whether direct or indirect, whether in person or through other means of communication occurred through CORIZON, its agents, employees at the Brevard County Jail Complex.

19.  The Defendant, WAYNE IVEY ("SHERIFF IVEY"), an individual who is sui juris, is a constitutional officer and the Sheriff of the Brevard County Sheriff's Office ("BCSO"). This suit is being brought against him in his official capacity as Sheriff.

20. At all times material hereto, SHERIFF IVEY, was the elected sheriff of Brevard County, Florida and is being sued in his official capacity.

6

21.   At all times material hereto, Defendant, SHERIFF IVEY, was the lawful Sheriff of Brevard County, Florida and, through the Brevard County Sheriff's Office and its employees and agents, was the Sheriff of a duly authorized agency, with the ability to sue and be sued, residing in Brevard County, Florida.

22.  At all times material hereto, Defendant, SHERIFF IVE, was responsible the administration, operation, and supervision of the Brevard County Jail/Detention system and facilities, including the Brevard County Jail Complex, and for the promulgation, enforcement and review of rules, regulations, policies, customs, and practices relevant thereto, who was acting under color of law. Defendant, SHERIFF IVEY, is sued in his official capacity.

23. The Defendant, MAJOR TORQUATO, ("MAJOR TORQUATO"), an individual who is sui juris and holds a supervisor role as jail watch commander.  This suit is being brought against him in his supervisor role as jail watch commander.

24.  The Defendant DEPUTIES JOHN DOES and DEPUTIES MARY DOES 1-8, ("DEPUTIES JOHN and MARY DOES 1-8") are individuals who are sui juris, were, at all times material, deputies, correctional officers employed by SHERIFF IVEY and worked at the Brevard County Jail Complex.   Based on information and belief, "DEPUTIES JOHN and MARY DOES 1-8 are and were at all times material herein residents of Brevard County, Florida.

## **FACTUAL ALLEGATIONS**

25. Defendants were aware of Mr. Henry's suicidal tendencies, serious psychological problems in advance of his untimely death on September 27, 2020.

26. Mr. walker was arrested on September 26, 2020, for allegedly driving under the influence of alcohol.

27. Defendant, SHERIFF IVEY, operated, maintained and/or controlled the Brevard County Jail at which HENRY LEE WALKER, was placed in custody following his arrest on September 26, 2020.

28. From the time WALKER entered the Brevard County Jail Complex, he was under the exclusive custody, control and care of Defendant SHERIFF IVEY, including the employees, agents and subcontractors of the Brevard County Sheriff's Office.

29. Mr. Walker was previously incarcerated in Brevard County jail on numerous occasions including in 2011, 2015, 2018, 2019 and 2020.

30. During Mr. Walker's 2018 incarceration, Mr. Walker was placed on suicide watch due to making suicidal statements. The Corizon intake screening form notes that Mr. Walker told the law enforcement officer during his 2018 arrest that he was tired of living.

31. Defendants were at all times relevant hereto in possession of Walker's 2018 Medical records.

32.  Defendants were at all times relevant hereto able to electronically perform a search of Mr. Walker's 2018 Medical Records, in seconds, to locate certain keywords and diagnostics within Mr. Walker's file.[4]

33. This sort of search would come at little to no cost in time or money to defendants.

34.  During Mr. Walker's September 26, 2020 arrest and incarceration, Defendants were aware that Mr. Walker was possibly under the influence of alcohol.

35.  Defendants were aware of the heightened risk of suicide when individuals who have had suicidal ideations are under the influence of alcohol.

36.  Based on Mr. Walker's previous suicidal ideations, and his alleged influence of alcohol, Defendants knew that there was a strong likelihood that self-infliction of harm will occur.

37.  Mr. Walker's previous suicidal ideations combined with his alleged influence of alcohol, the lack of monitoring or visual checks by Defendant Brevard County Sheriff's Office, the failure to take proper intake measures by Defendant Corizon, the failure to implement proper policies or procedures by Defendants Ivey/Corizon/Brevard County Sheriff's Office/Defendants' employees, created a strong likelihood that Mr. Walker would inflict harm on himself.

---

[4] Defendant Corizon provided its records to Plaintiff in a searchable PDF format. On a minimal level. by using Ctrl +F, within the PDF, Defendant Corizon is able to quickly identify' any prior suicide risks, as Plaintiff did.

38. CORIZON nurses and medical staff and Brevard County Sheriff's Office staff could clearly see that WALKER was exhibiting serious physical and mental health issues upon entering the Brevard County Jail facility.

39. Despite his previous suicidal ideations, Defendant's CORIZON NURSES 1-8 failed to evaluate Mr. Walker for suicide risks during his September 26, 2020, arrest.

40. Furthermore, Despite his previous suicidal ideations, Defendant Brevard County Sheriff's office still provided Plaintiff with multiple objects with which he could commit suicide, including, but not limited to, a bed sheet.

41. WALKER'S physical and emotional symptoms were so severe that even a lay person would seek at a bare minimum to get WALKER the desperate help he needed.  Defendants made no attempt to secure any mental health treatment for Mr. Walker.

42. Corizon nurses despite having WALKER'S prior medical records available which showed WALKER had a history at the Brevard County Jail which clearly showed WALKER'S suicidal ideation coupled with WALKER'S demonstrating visible signs of physical and emotional meltdown went entirely unaddressed by CORIZON NURSES 1-8.

43. Instead, the Defendants had knowledge of and disregarded the known, obvious, and excessive risks to Mr. Walker's health and safety and housed him in a cell in general population rather than evaluating him for suicide risks.

44. Once Mr. Walker was housed in his cell, Defendants failed to do any adequate inspection, observation, or walkthrough to ensure the safety of Mr. Walker.

45. Mr. Walker was unsupervised for enough time to tie a sheet around his bed, and around his neck and commit suicide.

46. Mr. Walker was found unconscious September 27, 2020, at about 9:30 a.m. Sunday morning.

47. From the moment Mr. Walker was arrested and presented at Brevard County Jail, Mr. Walker posed an obvious, known and substantial risk of self-harm. At all relevant times, Mr. Walker had obvious, serious and emergent mental health needs.

48. Defendants deliberate indifference to Mr. Walker's serious medical needs was in furtherance of and consistent with: (a) policies which Sheriff Ivey, Major Taquato, and/or Corizon promulgated, created, implemented or possessed responsibility for the continued operation of; (b) policies which Brevard County Sheriff's Office/Corizon/ had responsibility for implementing and which Brevard County Sheriff's Office/Corizon assisted in developing; and (c) established procedures, customs and/or patterns and practices.

49. First, Defendants IVEY, Brevard County Sheriff's Office, and Corizon failed to promulgate and implement, and knowingly failed to enforce, adequate mental health policies responsive to the serious medical needs of inmates like Mr. Walker.  In particular, during all times pertinent, there were no guidelines, or wholly inadequate guidelines, in place as to the standard of care specific to inmates' mental health needs. It is common knowledge that mental illness is prevalent in our jails and prisons. For instance, in 2006, the United States Bureau of Justice Statistics found that the rate of reported mental health disorders in the state prison population is five times greater (56.2%) than in the general adult population (11%). It is vital that jails and prisons have policies in place establishing the standard of care for nurses and medical staff to follow in order to address this crisis.

50. Second, Defendants IVEY, Brevard County Sheriff's Office, and Corizon have maintained a policy, practice and/or custom of providing untimely assessment, identification and treatment of inmates' medical and mental health needs, in disregard of known, obvious and excessive risks to the health and safety of inmates like Mr. Williams.

51.  Third, Defendants IVEY, Brevard County Sheriff's Office, and Corizon have maintained a policy, practice and/or custom of understaffing the medical unit, which poses known, obvious and excessive risks to the health and safety of inmates like Mr. Walker.

52. Fourth, Defendants IVEY, Brevard County Sheriff's Office, and Corizon are responsible for a policy, practice or custom of inadequate medical triage screening that fails to identity and classify inmates with serious medical or mental health needs. The inadequate medical triage screening system creates known, obvious and excessive risks that inmates like Mr. Walker with serious and emergent mental health or medical needs will not receive timely and necessary evaluation or treatment.

53. Fifth, Defendants IVEY, Brevard County Sheriff's Office, and Corizon have maintained a policy, practice and/or custom of severely limiting the use of off-site medical, mental health and diagnostic service providers, even in emergent situations, in disregard to known, obvious and excessive risks to the health and safety of inmates like Mr. Walker. Defendants IVEY, Brevard County Sheriff's Office, and Corizon have strongly discouraged their employees and agents from sending inmates to any hospital or other off-site medical, mental health or diagnostic service providers. By severely curtailing the use of off- site medical, mental health or diagnostic service providers, Defendants IVEY, Brevard County Sheriff's Office, and Corizon assure that inmates with specialized and serious medical, mental health and diagnostic needs that cannot be adequately assessed or treated on-site, like Mr. Williams, will simply not receive the care they need.

54. Sixth, Defendants IVEY, Brevard County Sheriff's Office, and Corizon

have failed to adequately train Jail personnel and staff with respect to the proper assessment, classification, and treatment of inmates with serious mental health needs and/or head trauma. This failure to train constitutes deliberate indifference to the health and safety of inmates like Mr. Walker.  It is clear that Defendants were not properly trained in dealing with potential suicieds and that Defendants' policies were inappropriate.

55.  Defendants IVEY, Brevard County Sheriff's Office, and Corizon and have been, on notice that their policies, practices and/or customs are inadequate to meet the medical and mental health needs of inmates like Mr. Walker. Nonetheless, Defendants IVEY, Brevard County Sheriff's Office, and Corizon have failed to reform those policies, practices and/or customs.

## CLAIMS FOR RELEIF

## COUNT I
## MEDICAL NEGLIGENCE AGAINST CORIZON (DIRECT AND VICARIOUS LIABILITY)

56. Plaintiff hereby incorporates by reference paragraphs 1 through 55 as fully set forth herein.

57. Defendant, CORIZON, is directly liable and vicariously liable for the negligence of agents, servants, and employees committed during the course and scope of their employment with CORIZON.

58. At all times pertinent hereto, NURSES 1-8 and others were an agent, servant or employee of CORIZON acting with the course and scope of their employment.

59. At all times pertinent hereto, Defendant CORIZON and its agents, servants, and employees who provided health care services to WALKER had a duty to use that level of care, skill, and treatment which, in light of all relevant surrounding circumstances, is recognized as acceptable and appropriate by similar and reasonable health care providers.

60. Defendant CORIZON and its agents, servants, and employees who provided health care services to Plaintiff breached their duty with gross negligence. Such breaches of duty included, but not limited to, the following:

   a. Failing to maintain HENRY LEE WALKER on constant watch;

   b. Failing to maintain HENRY LEE WALKER on close supervision;

   c. Failing to adequately screen and assess HENRY LEE WALKER for risk of suicide or self-harm;

   d. Failing to train and supervise health care personnel to ensure that proper screening and assessments of inmates at risk for suicide were performed;

   e. Failing to provide and staff the jail with adequately trained and licensed mental health staff including psychologists and psychiatrists;

   f. Failing to ensure the mental health screenings were only performed by properly trained and licensed staff or contractors;

g.  Failing to follow Brevard County's and CORIZON'S policies and procedures pertaining to suicide prevention;

h.  Failing to provide HENRY LEE WALKER with all prescribed psychiatric medications;

i.  Failing to adopt and implement adequate policies and procedures for the prevention of inmate suicide;

j.  Failing to provide medical care reasonably needed by inmates under their care in order to maximize profits under the contract with Brevard County;

k.  Failing to have an appropriate mental health step down unit to provide mental health follow up for HENRY LEE WALKER in the infirmary, despite recognition for the need to do so;

l.  Failing to recognize signs of mental instability and/or significant change in mental status or condition;

m.  Failing to have a qualified mental health physician on staff to accommodate the medical needs of HENRY LEE WALKER in an effort to cut costs and increase profit;

o.  Failing to properly staff the medical and mental health wing so as to increase profits; and

p.  Failing to comply with Florida Model Jail Standards pertaining to the prevention of inmate suicide.

61.  Defendant CORIZON's conduct was so reckless or wanting in care that it constituted a conscious disregard or indifference to the life, safety or rights of HENRY LEE WALKER.

62.  The officers, directors, or manages of CORIZON knowingly condoned, ratified, or consented to such conduct in that they intentionally understaff the Brevard County Jail and others in a manner that endangers the lives and safety of the inmate population so as to increase profitability at the expense of the inmate safety.

63.  As a direct consequence and proximate result of the gross negligence of Defendant CORIZON, HENRY LEE WALKER suffered untimely and preventable death.

**WHEREFORE**, the Plaintiff, BRENDA WALKER in her capacity as Personal Representative of the Estate of HENRY LEE WALKER demands judgment against Defendant CORIZON for compensatory damages in excess of Thirty Thousand Dollars ($30,000.00), plus costs and other relief this Court deems appropriate and demands a trial by jury.

## COUNT II

NEGLIGENCE CLAIM AGAINST
NURSE JANE AND JOHN DOES 1-8

64.  Plaintiff hereby incorporates by reference paragraphs 1 through 55 as fully set forth herein.

17

65.   Defendants, NURSE JANE AND JOHN DOES 1-8, owed a duty of care to HENRY LEE WALKER to ensure his mental health needs were attended to during his incarceration at the Brevard County Jail. All acts taken by NURSE JANE AND JOHN DOES 1-8 occurred during the course and scope of her employment with CORIZON.

66.   NURSE JANE AND JOHN DOES 1-8 breached this duty of care in failing to ensure that HENRY LEE WALKER's mental health needs were met and that there was appropriate mental health follow up of HENRY LEE WALKER after his being placed in his cell at the Brevard County Jail.

67.   As a direct and proximate result of this breach, HENRY LEE WALKER sustained injuries.

**WHEREFORE**, the Plaintiff, BRENDA WALKER in her capacity as Personal Representative of the Estate of HENRY LEE WALKER, demands judgment against Defendant CORIZON NURSE JANE AND JOHN DOES 1-for compensatory damages in excess of Thirty Thousand Dollars ($30,000.00), plus costs and other relief this Court deems appropriate and demands a trial by jury.

## COUNT III

VIOLATION OF 42 U.S.C. § 1983 AGAINST CORIZON HEALTH, INC.,.; NURSES JANE DOES and NURSES JOHN DOES 1-8, CHS FL, LLC d/b/a YESCARE; CHS TX, INC. d/b/a YESCARE; WAYNE IVEY, in his official capacity as Sheriff of Brevard County, Florida; DEPUTIES JOHN DOES and DEPUTIES MARY DOES 1-8; MAJOR ROSS TORQUATO, in his supervisor role

as jail watch commander;  FOR DELIBERATE INDIFFERENCE TO SERIOUS MEDICAL AND MENTAL HEALTH NEEDS IN VIOLATION OF FOURTEENTH AMENDMENT

68.  Plaintiff hereby incorporates by reference paragraphs 1 through 55 as fully set forth herein.

69.  This action is brought against Defendants CORIZON HEALTH, INC., f/k/a CORIZON HEALTH, INC., and a/f/k/a PRISON HEALTH SERVICES, INC.; NURSES JANE  DOES and NURSES JOHN DOES 1-8,  CHS FL, LLC d/b/a YESCARE; CHS TX, INC. d/b/a YESCARE;  WAYNE IVEY, in his official capacity as Sheriff of Brevard County, Florida; DEPUTIES JOHN DOES and DEPUTIES MARY DOES 1-8; individually; MAJOR ROSS TORQUATO, in his supervisor role as jail watch commander, pursuant to 42 U.S.C. § 1983 for deliberate indifference to and callous and/or reckless disregard for the rights and critical medical and mental health needs of deceased, HENRY LEE WALKER, an individual suffering from obvious and known acute medical and mental health conditions that required appropriate care, treatment, assessment, intervention, referral, medication, and attention to prevent substantial physical and mental health deterioration and self-injurious conduct which led to his untimely death.

70.  At all times relevant, HENRY LEE WALKER's, obvious and known mental health and medical conditions required he receive special attention and care

and not be subjected to being isolated in a cell without medical or mental health intervention.

71.    Defendants CORIZON HEALTH, INC., f/k/a CORIZON HEALTH, INC., and a/f/k/a PRISON HEALTH SERVICES, INC.; NURSES JANE  DOES and NURSES JOHN DOES 1-8 CHS FL, LLC d/b/a YESCARE; CHS TX, INC. d/b/a YESCARE;  WAYNE IVEY, in his official capacity as Sheriff of Brevard County, Florida; DEPUTIES JOHN DOES and DEPUTIES MARY DOES 1-8; individually; MAJOR ROSS TORQUATO, in his supervisor role as jail watch commander, were informed, knew, or should have known, that while in the custody of Brevard County at the Brevard County Jail, deceased,  HENRY LEE WALKER, was depressed, suicidal and in need of prescribed psychiatric medications. Defendants knew or should have known he had been in Brevard County Jail previously and had been identified as suffering inter alia, Suicide Ideation; Hallucinations; Command Type Paranoia;  Delusional Ideation; and suffered as an alcoholic with depressive disorder; anxiety disorder; Impulse Control disorder. Defendants knew or should have known HENRY LEE WALKER was suicidal, a threat to himself and required treatment with psychotropic medications to conform his behavior to the requirements of the law and to not pose a threat to himself. Defendants knew or should have known that if left untreated that HENRY LEE WALKER was likely to act out and/or harm himself based upon his history both

within the jail and from his medical history outside of the jail which the Defendants knew or should have known about.

72.   Despite knowledge of HENRY LEE WALKER's serious medical and mental health conditions and needs, the Defendants CORIZON HEALTH, INC., f/k/a CORIZON HEALTH, INC., and a/f/k/a PRISON HEALTH SERVICES, INC.; NURSES JANE  DOES and NURSES JOHN DOES 1-8,  CHS FL, LLC d/b/a YESCARE; CHS TX, INC. d/b/a YESCARE;  WAYNE IVEY, in his official capacity as Sheriff of Brevard County, Florida; DEPUTIES JOHN DOES and DEPUTIES MARY DOES 1-8; individually; MAJOR ROSS TORQUATO, in his supervisor role as jail watch commander, failed and/or refused, with deliberate indifference to HENRY LEE WALKER's rights and serious medical and mental health needs, including but not limited to: properly assess and/or evaluate HENRY LEE WALKER's serious medical and mental health conditions/symptoms, and failed and/or refused, with deliberate indifference to address HENRY LEE WALKER's rights and serious medical and mental health needs; failed to properly respond to threats of self-harm, identify and treat his significant mental health diagnosis which were known to the Defendants, failed to provide any mental health instead placed HENRY LEE WALKER in an isolated cell despite his known high propensity to harm himself and failed to observe him in accordance with jail standards for obvious serious signs of physical and emotional symptoms' which

ultimately led to his suicide.  These Defendants failed to recognize and act upon obvious manifestations of HENRY LEE WALKER's mental illness and instead allowed him to be unattended and unobserved while he was unable to conform his conduct or actions to the requirements of the law; failed to re-classify HENRY LEE WALKER within the Brevard County Jail, so that he would receive timely and adequate access to and delivery of necessary prescription medications and medical and mental health evaluation, assessment, care, intervention, referral, and treatment after making statements or gestures about self-harm.

73.   Defendants CORIZON HEALTH, INC., f/k/a CORIZON HEALTH, INC., and a/f/k/a PRISON HEALTH SERVICES, INC.; NURSES JANE  DOES and NURSES JOHN DOES 1-8,  CHS FL, LLC d/b/a YESCARE; CHS TX, INC. d/b/a YESCARE;  WAYNE IVEY, in his official capacity as Sheriff of Brevard County, Florida; DEPUTIES JOHN DOES and DEPUTIES MARY DOES 1-8; individually; MAJOR ROSS TORQUATO, in his supervisor role as jail watch commander, knew, or should have known, that taking no action and/or using the types and amount of isolation and non-observance under the history and totality of circumstances as described herein and/or authorizing and/or acquiescing in the isolation and non-observance under the history and totality of circumstances as described herein concerning the welfare of  HENRY LEE WALKER, could and

would result in the rapid and permanent deterioration of HENRY LEE WALKER's physical and mental health.

74. As a direct and proximate result of the conduct of Defendants CORIZON HEALTH, INC., f/k/a CORIZON HEALTH, INC., and a/f/k/a PRISON HEALTH SERVICES, INC.; NURSES JANE  DOES and NURSES JOHN DOES 1-8, YESCARE, ?;  WAYNE IVEY, in his official capacity as Sheriff of Brevard County, Florida; DEPUTIES JOHN DOES and DEPUTIES MARY DOES 1-8; individually; MAJOR ROSS TORQUATO, in his supervisor role as jail watch commander, in denying HENRY LEE WALKER necessary medical and mental health assessment, evaluation, care, intervention, referral, medication and treatment, deceased, HENRY LEE WALKER was forced to endure and suffered extreme physical, mental, and emotional pain and suffering, injury, and an untimely death.

75. As a direct and proximate result of the conduct of Defendants CORIZON HEALTH, INC., f/k/a CORIZON HEALTH, INC., and a/f/k/a PRISON HEALTH SERVICES, INC.; NURSES JANE  DOES and NURSES JOHN DOES 1-8,  CHS FL, LLC d/b/a YESCARE; CHS TX, INC. d/b/a YESCARE;  WAYNE IVEY, in his official capacity as Sheriff of Brevard County, Florida; DEPUTIES JOHN DOES and DEPUTIES MARY DOES 1-8; individually; MAJOR ROSS TORQUATO, in his supervisor role as jail watch commander, in denying HENRY LEE WALKER

necessary medical and mental health assessment, evaluation, care, intervention, referral, medication and treatment, which resulted in his untimely preventable death.

**WHEREFORE**, the Plaintiff, BRENDA WALKER in her capacity as Personal Representative of the Estate of HENRY LEE WALKER, demands judgment against Defendants CORIZON HEALTH, INC., f/k/a CORIZON HEALTH, INC., and a/f/k/a PRISON HEALTH SERVICES, INC.; NURSES JANE DOES and NURSES JOHN DOES 1-8, CHS FL, LLC d/b/a YESCARE; CHS TX, INC. d/b/a YESCARE; WAYNE IVEY, in his official capacity as Sheriff of Brevard County, Florida; DEPUTIES JOHN DOES and DEPUTIES MARY DOES 1-8; individually; MAJOR ROSS TORQUATO, in his supervisor role as jail watch commander, jointly and severally, for:

a) demands judgment against each Defendant for compensatory damages in excess of Thirty Thousand Dollars ($30,000.00);

b) Punitive damages against all Defendants excluding Sheriff IVEY in an amount that will serve to adequately punish and deter the conduct alleged herein;

c) Costs of suit and reasonable attorneys' fees pursuant to 42 U.S.C. § 1988; and

d) All such other relief which the Court deems appropriate, and

e) Demands a trial by jury.

**COUNT IV**

VIOLATION OF 42 U.S.C. § 1983 AGAINST DEFENDANTS SHERIFF
WAYNE IVEY AND CORIZON FOR CUSTOM, POLICY, OR PRACTICE
CAUSING CONSTITUTIONAL VIOLATIONS

76.    Plaintiff hereby incorporates by reference paragraphs 1 through 55 as fully set forth herein.

77.    At all times relevant, Defendants SHERIFF WAYNE IVEY and CORIZON, and each of them separately, promulgated and maintained a de facto unconstitutional custom, policy,  or practice of permitting, ignoring, and condoning and/or encouraging officers, deputies, nurses, physicians, medical and mental health personnel, and other employees and agents to deny inmates necessary medical and mental health assessment, evaluation, care, intervention, referral, medication and treatment, forcing them to endure and suffered extreme physical, mental, and emotional pain and suffering, injury, and in the instant matter the untimely death of the deceased, HENRY LEE WALKER .   These customs, policies and/or practices were the direct and proximate cause of the Constitutional violations visited upon, and the injuries of the deceased, HENRY LEE WALKER and each of Defendants, SHERIFF WAYNE IVEY and CORIZON acting in accordance with these customs, policies,  or  practices  used  are  exceedingly  unreasonable,  outrageous,  and impermissible to an mentally unstable and physically exhausted inmate in desperate need of assessment, observation and treatment absent which shocks the conscience and offends traditional notions of decency.

25

**WHEREFORE**, the Plaintiff, BRENDA WALKER in her capacity as Personal Representative of the Estate of HENRY LEE WALKER, demands judgment against Defendants CORIZON HEALTH, INC., f/k/a CORIZON HEALTH, INC., and a/f/k/a PRISON HEALTH SERVICES, INC.; WAYNE IVEY, in his official capacity as Sheriff of Brevard County, Florida, jointly and severally, for:

a)    demands judgment against each Defendant for compensatory damages in excess of Thirty Thousand Dollars ($30,000.00);

b)    Punitive damages against all Defendants excluding Sheriff IVEY in an amount that will serve to adequately punish and deter the conduct alleged herein;

c)     Costs of suit and reasonable attorneys' fees pursuant to 42 U.S.C. § 1988; and

d)    All such other relief which the Court deems appropriate, and

e)    Demands a trial by jury.

### COUNT V
WRONGFUL DEATH AGAINST CORIZON HEALTH, INC., NURSES JANE DOES 1-8 and NURSES JOHN DOES 1-8, WAYNE IVEY, in his official capacity as Sheriff of Brevard County, Florida; DEPUTIES JOHN DOES and DEPUTIES MARY DOES 1-8; MAJOR ROSS TORQUATO, in his supervisor role as jail watch commander;

78.  Plaintiff hereby incorporates by reference paragraphs 1 through 55 as fully set forth herein.

79.  This count sets forth claims against the Individual Defendants for wrongful death, brought under §768.16-768.21, et seq., Fla. Stats. This count is pled in the alternative, and for purposes of this count, at pertinent times the Individual Defendants were acting outside the scope of their employment by Defendant Sheriff IVEY and CORIZON.

80. The Individual Defendants caused the death of HENRY LEE WALKER, intentionally, maliciously, by failing to address critical physical and mental health needs as simple as assessing, treating, placing the deceased in a medical pod so that HENRY LEE WALKER could be observed in, and a suicide and life could have been saved.  Such failures were done with deliberate indifference and a callous disregard for the Defendants own sworn duties to protect and preserve a life of a human being who has a known history having expressed suicidal ideation to CORIZON medical staff which is glaringly found in the Defendants intake and assessment computer accessible records at the Brevard County Jail.
Such indifference when measured against a life when a less than two (2)  minute scan of the deceased medical records on the very computer dispels any notion befitting duty and if that is not tantamount to deliberate indifference then a very dangerous precedent will be set and such should not be tolerated let alone gone without redress.  Such more than violates §768.16, et seq.

81.  The Plaintiff and the statutory survivors of his estate are entitled to damages as provided by the Florida Wrongful Death Statute Section § 768.21, including but not limited to the following:

(a)     Loss of past and future support and services with interest;

(b)     Value of the decedent's past and the future support and services to the statutorily defined survivors;

(c)     Loss of net accumulations to the Estate of HENRY LEE WALKER;

(d)     Loss to his children (if any), other family members if any,  companionship and for their mental pain and suffering from the past and future date as a result of HENRY LEE WALKER death;

(e)     Any and all medical and/or funeral expenses incurred due to the wrongful death of the Decedent, HENRY LEE WALKER;

(f)     Any and all costs associated with this action; and,

(g)     Punitive and exemplary damages in an amount sufficient to deter future similar conduct; and

(h)     Any and all other and further relief as this Court may deem appropriate.

## **PRAYER FOR RELIEF**

**WHEREFORE**, the Plaintiff, BRENDA WALKER, as Personal Representatives of the Estate of HENRY LEE WALKER, deceased, and as the survivors and spouse /wife and children (if ANY) and natural parent of HENRY

LEE WALKER, deceased, demands judgment for compensatory damages against all defendants, jointly and severally, together with post judgment interest and costs.

## **DEMAND FOR JURY TRIAL**

Plaintiff, BRENDA WALKER, as Personal Representatives of the Estate of HENRY LEE WALKER, deceased, and as survivor's SPOUSE/wife, children (if any) and natural parent of HENRY LEE WALKER, deceased, hereby demands a trial by jury on all issues so triable.

Dated this 26th day of September 2022

Respectfully submitted,

Orlando Sheppard, Esq.

| /s/ James R. Tanner, Esq. | /s/ Orlando Sheppard, Esq. |
|---|---|
| James R. Tanner, Esq. | Orlando Sheppard, Esq. |
| FBN: 637246 | FBN: 118424 |
| Tanner Law Group, PLLC | Burns Sheppard Favors |
| Post Office Box 130662 | 121 S. Orange Ave. Ste. 1500 |
| Tampa, Florida 33681 | Orlando, Florida 32801-3241 |
| Telephone: (813) 322-3565 | Telephone: (813) 778-7359 |
| Email: jrt@jimtannerlaw.com | Email: orlando@bsflegal.com |
| Co-Counsel for the Plaintiff | Co-Counsel for the Plaintiff |