UNITED STATES DISTRICT COURT IN AND FOR
THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

BRENDA WALKER, individually and as
Personal Representative of the Estate of
HENRY LEE WALKER, deceased, for
the Benefit of his survivors and the Estate,

       Plaintiff,                          Case No: 6:22-cv-01761–PGB–DAB

CORIZON HEALTH, INC., a foreign
limited liability company; NURSES
JANE DOES, and NURSES JOHN DOES
1-8, individually and as employees of
CORIZON HEALTH OF FLORIDA LLC, n/k/a,
CORIZON HEALTH, INC.; CHS FL, LLC d/b/a
YESCARE, CHS TX, INC, d/b/a YESCARE;
WAYNE IVEY, in his official capacity as Sheriff of
Brevard County, Florida; MAJOR ROSS TORQUATO,
in his supervisor role as jail watch commander; and
DEPUTIES JOHN and DEPUTIES MARY DOES 1-8,
individually and as employees or agents of the
Brevard County Sheriff's Office,

       Defendants.
_____/

## PLAINTIFF'S NOTICE OF DEFENDANT'S NONCOMPLIANCE WITH RULE 3.01(g) MOTION TO DENY, STRIKE, AND OR OTHER RELIEF (DKT. 23)

Plaintiff gives notice to this court that the Certification of Compliance with Rule 3.01(g) in the Motion to Dismiss filed by Defendants, CORIZON HEALTH, INC., a foreign limited liability company; NURSES JANE DOES, and NURSES JOHN DOES 1-8, individually and as employees of CORIZON HEALTH OF

1

FLORIDA LLC, n/k/a, CORIZON HEALTH, INC.; CHS FL, LLC d/b/a YESCARE, CHS TX, INC, d/b/a YESCARE, does not demonstrate compliance by said Defendants counsel with Rule 3.01(g) in that the Certification merely states counsel sent one email followed by the subject motion and made no effort to telephone Plaintiff counsel offices.  That is not compliance.

The defense counsel still needs to answer the complaint or request an extension due today.  Counsel for the defendants merely sent an email this afternoon to Plaintiff's counsel at 1:40 PM on January 25, 2023, stating as follows:

> "Good afternoon Messrs. Sheppard and Tanner:
>
> As you know, attorney Gregg Toomey represents Corizon Health, Inc., Corizon Health of Florida, LLC, CHS FL, LLC d/b/a YesCare and CHS TX, Inc. d/b/a YesCare in the above-case. His clients' response to the complaint is due today and he will be filing a motion to dismiss. According to LR 3.01(g), please advise if you consent or object to the motion to dismiss, so it can be noted accordingly."

The email without first conferring and without the Motion to Dismiss does not satisfy Rule 3.01(g). The Motion to Dismiss is not attached to the email. Email is insufficient to satisfy the requirement of meet and confer. The motion was filed within 2 hours after the email was sent.

Local Rule 3.01(g), requires both that "the moving party shall confer with counsel for the opposing party in a good faith effort to resolve the issues raised by the motion" and further that "[t]he moving party retains the duty to contact opposing counsel expeditiously after filing and to supplement the motion promptly

2

with a statement certifying whether or to what extent the parties have resolved the issue(s) presented in the motion." M.D.Fla. R. 3.01(g). "Rule 3.01(g) is strictly enforced. A motion not complying with the rule may be summarily denied." Middle District Discovery, A Handbook on Civil Discovery Practice in the United States District Court for the Middle District of Florida §I(A)(2) (2015).

In *Seletica, Inc. v. Novatus, Inc.*, No. 6:13-cv-1708-ORL-36, 2014 WL 1930426, at *2 (M.D. Fla. May 14, 2014)), the court held that "failure to comply with the requirements of Rule 37(a)(1) and Local Rule 3.01(g) constitutes sufficient grounds to deny the relief sought by the noncompliant moving party".

The requirement found in Local Rule 3.01(g) is a stricter standard than Rule 37. *Regions Bank v. Legal Outsource PA*, No. 214 CV 476 FTM29MRM, 2016 WL 7228738, at *2 (M.D. Fla. Mar. 10, 2016) (citing *Knights Armament Co. v. Optical Sys. Tech., Inc.*, 254 F.R.D. 470, 472 (M.D. Fla. 2008)). "The term 'confer' in Rule 3.01(g) requires a substantive conversation in person or by telephone in a good faith effort to resolve the motion without court action. Counsel whom merely 'attempt' to confer have not 'conferred.'" Id. (citing *Seletica, Inc. v. Novatus, Inc.*, No. 6:13-cv-1708-ORL- 36, 2014 WL 1930426, at *2 (M.D. Fla. May 14, 2014)). That "Counsel believes plaintiff may object to this motion" implies that the defendants "made no meaningful, pre-filing effort to confer." Id.

Defendant's conduct constitutes a failure to comply with Local Rule 3.01(g), absent any meaningful discussion in an attempt to resolve the issue without this Court's intervention. Furthermore, Defendant remains in violation of Local Rule 3.01(g) by not attempting to contact Plaintiff to resolve sufficiently the issues presented by its Motion.

WHEREFORE, Plaintiff requests the court to enter sanctions to deny the motion to dismiss and other sanctions as the court deems appropriate.

Respectfully submitted,

/s/ James Roscoe Tanner
James Roscoe Tanner, Esq.

## CERTIFICATE OF SERVICE

We hereby certify that a true and correct copy of the foregoing has been filed by the counsel below through the CM/ECF on this 25th day of January 2023.

| Orlando Sheppard<br>Burns Sheppard Favors<br>Attorneys for Plaintiff<br>121 S. Orange Ave., Suite 1500<br>Orlando, FL 32801-3241<br>P: 813-778-7359<br>E: orlando@bsflegal.com | James R. Tanner<br>Tanner Law Group, PLLC<br>*Attorneys for Plaintiff*<br>PO Box 130662<br>Tampa, FL 33681<br>P: 813-322-3565<br>E: jrt@jimtannerlaw.com |

/s/ James Roscoe Tanner
James Roscoe Tanner, Esq.