UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**BRENDA WALKER,**

   **Plaintiff,**

v.              Case No: 6:22-cv-1761-PGB-DAB

**CORIZON HEALTH, INC.,
CORIZON HEALTH OF
FLORIDA LLC, CHS FL, LLC,
CHS TX, INC, WAYNE IVEY,
ROSS TORQUATO, NURSES
JOHN DOES 1-8, NURSES JANE
DOES 1-8, DEPUTIES JOHN
DOES 1-8 and DEPUTIES MARY
DOES 1-8,**

   **Defendants.**
_____/

## ORDER

   This cause is before the Court on Plaintiff's First Motion for Sanctions (Doc. 24 (the "**Motion**")). With no response necessary and after due consideration, the Motion is due to be denied.[1]

   Plaintiff filed the instant action on September 26, 2022. (Doc. 1). Service was effectuated on January 4, 2023 (Doc. 17) making Defendants' responsive filings due on or before January 25, 2023. *See* FED. R. CIV. P. 12. On January 25, 2023,

---

[1] The Court does not require a response to resolve the instant Motion. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) (stating that a district court has the inherent power "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants").

Defendants filed a motion to dismiss for failure to state a claim (Doc. 23 (the "**Motion to Dismiss**")) and an answer (Doc. 22). That same day, Plaintiff filed the instant Motion requesting the Court sanction Defendants by denying the Motion to Dismiss for failure to comply with the Middle District of Florida's Duty to Confer in Good Faith. *See* Local Rule 3.01(g).

While the Court agrees the Motion to Dismiss did not meaningfully comply with Local Rule 3.01(g) and that the Court could therefore deny the Motion to Dismiss with prejudice on such grounds, the Court believes such a drastic remedy would be too hasty at this juncture. The underlying spirit animating the Court's requirement that the parties confer in good faith prior to filing certain motions is the hope that the parties' counsel will work amicably to resolve their clients' differences and thereby, from time to time, obviate the unnecessary taxing of the Court's time and judicial resources. Both the instant Motion and the Motion to Dismiss fail in this regard.[2] Moving forward, the Court expects more cooperative behavior from all counsel involved in this dispute; counsel's duty to zealously advocate for one's client need not conflict with counsel's concomitant duties as officers of the Court.

For the aforementioned reasons, it is **ORDERED** and **ADJUDGED** as follows:

1. The Motion (Doc. 24) is **DENIED**;

---

[2] Quizzically, the Court notes that Plaintiff's Motion also fails to include the required Rule 3.01(g) certification.

2

2. The Clerk of Court is **DIRECTED** to **STRIKE** Defendants' Motion to Dismiss (Doc. 23);

3. Defendants are **DIRECTED** to comply with Local Rule 3.01(g) and thereafter, on or before February 2, 2023, refile an amended motion to dismiss if still necessary.

**DONE AND ORDERED** in Orlando, Florida on January 26, 2023.

_____
PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

3