# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**BRENDA WALKER,**

        **Plaintiff,**

v.                                          Case No: 6:22-cv-1761-PGB-DAB

**CORIZON HEALTH, INC.,
CORIZON HEALTH OF
FLORIDA LLC, CHS FL, LLC,
CHS TX, INC, WAYNE IVEY and
ROSS TORQUATO,**

        **Defendants.**
_____/

## ORDER

      This cause is before the Court on Defendants CHS FL, LLC, CHS TX, Inc., Corizon Health of Florida LLC, and Corizon Health, Inc.'s Motion to Dismiss for Failure to State a Claim (Doc. 28 (the "**Corizon MTD**")) and Defendant Ross Torquato's Motion to Dismiss or, in the alternative, for a More Definite Statement (Doc. 30 (the "**Torquato MTD**")). The Corizon MTD was filed on February 2, 2023, and the Torquato MTD was filed on February 6, 2023. (Docs. 28, 30).

      Local Rule 3.01(c) relevantly states that "A party may respond to a motion within fourteen days after service of the motion. However, a party may respond to a motion to dismiss . . . within twenty-one days after service of the motion. If a party fails to timely respond, the motion is subject to treatment as unopposed."

Plaintiff Brenda Walker failed to timely respond within twenty-one days, so both the Corizon MTD and the Torquato MTD are subject to treatment as unopposed.

However, Defendant Corizon Health, Inc. filed a suggestion of bankruptcy on February 21, 2023, (Doc. 33), and the Court accordingly stayed the case as to Defendant Corizon Health, Inc. only. (Doc. 34) ("The case remains open with respect to all other Defendants unless cause is shown upon appropriate motion that the case should be stayed in its entirety.").[1] As such, the Court will defer ruling on (Doc. 28) the Corizon MTD until the stay is lifted. If the Defendants not subject to the bankruptcy stay wish to expedite the Court's ruling, they may file a renewed motion without Defendant Corizon Health, Inc as a party.

On the other hand, the Torquato MTD is due to be granted as unopposed under Local Rule 3.01(c) as Plaintiff failed to timely respond, and the bankruptcy stay does not apply to both parties to the Torquato MTD. (*See* Docs. 30, 34). As the Torquato MTD sought alternative relief, the Court will construe Plaintiff's non-response as not opposing the less onerous requested relief—that is, "dismiss[al of] Plaintiff's claims against Defendant Torquato without prejudice with leave to amend." (Doc. 30, p. 4).

---

[1] The same is still true—if the parties believe the case should be stayed in its entirety due to the bankruptcy stay, they may move the court for such relief upon proper motion. That said, bankruptcy stays generally do not apply to third-parties, including co-defendants or plaintiffs in the suit, but instead to the debtor and its property. *See Teachers Ins. & Annuity Ass'n v. Butler*, 803 F.2d 61, 65 (2d Cir. 1986) (noting "it is well-established that stays pursuant to § 362(a) are limited to debtors and do not encompass non-bankrupt co-defendants" absent unusual circumstances).

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Ruling on the Corizon MTD (Doc. 28) is **DEFERRED**;

2. The Torquato MTD (Doc. 30) is **GRANTED;**

3. Defendant Ross Torquato is **DISMISSED WITHOUT PREJUDICE** from Counts III and V of the Complaint (Doc. 1);

4. Plaintiff may file an Amended Complaint on or before March 15, 2023, consistent with the directives of this Order and Federal Rule of Civil Procedure 11. Failure to timely file an Amended Complaint in accordance with this Order will result in the dismissal of the claims against Defendant Ross Torquato with prejudice without further notice.

**DONE AND ORDERED** in Orlando, Florida on March 1, 2023.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties